No. 99-539

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 143N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KENNETH SANDERS,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Douglas G. Harkin, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Jeffrey T. Renz (Steve Bolstad, Intern), Criminal Defense Clinic,

School of Law, University of Montana, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

Fred R. Van Valkenburg, County Attorney, Kirsten LaCroix,

Deputy County Attorney, Missoula, Montana

Submitted on Briefs: May 11, 2000

Decided: June 1, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kenneth Sanders appeals his conviction of driving while his privilege to drive was suspended in another state, pursuant to § 61-5-212, MCA. We affirm the decision of the Fourth Judicial District Court, Missoula County.

¶3 Sanders argues on appeal that the statute under which he was convicted is unconstitutionally vague for lack of notice and because it lacks a requisite mental state element. Because he did not raise those arguments in the District Court, we decline to consider them on appeal. *See* §§ 46-20-104(2) and -701, MCA; *State v. Heffner*, 1998 MT 181, ¶ 35, 290 Mont. 114, ¶ 35, 964 P.2d 736, ¶ 35. To the extent that Sanders asserts as he did below that Montana must civilly revoke his driver's license before he can be cited for driving while the privilege to do so was suspended, there is no textual support in § 61-5-212, MCA, for this claim.

¶4 Sanders's second argument on appeal is that the District Court committed error in finding that the State of California complied with the Drivers License Compact. As the State points out, however, the court's finding concerning the Drivers License Compact was superfluous and has no bearing on the outcome of this case. The record indicates that

Sanders's privilege to drive in California was suspended because of his failure to appear in response to traffic citations. The Drivers License Compact, which applies as to <u>convictions</u> in other states, therefore has no application to this case. Any error in the court's finding as to whether California complied with the Drivers License Compact was therefore harmless and does not constitute grounds for reversal pursuant to § 46-20-701, MCA.

¶5 Section 61-5-212, MCA, makes driving while the privilege to do so is suspended in this or any other state a misdemeanor offense. Because Sanders's driving privileges had been suspended in California, his act of driving in Montana was a misdemeanor offense under Montana law.

¶6 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER
